BROOKS *v.* HOWARD.          { DECEMBER 15, 1874.

Chapter 215 of the General Statutes does not give a review in equity proceedings.

IN EQUITY.    An issue was framed and tried by the jury before SMITH, J.    Verdict for the plaintiffs. The plaintiffs moved for a decree, according to the prayer of the bill.    The defendant moved for leave to review, and that judgment be so rendered for the plaintiffs as to protect the rights of the defendant while the review is pending.    The plaintiffs object that the review will not lie.

*Lane* and *Carlton* (with whom was *Rice*, of Massachusetts), for the plaintiffs.

*Forbes*, and *Wheeler & Faulkner*, for the defendant.

\* LADD, J.    I think the statute does not give a review in equity causes.

---

\* CUSHING, C. J., having been of counsel, did not sit.

In the first place, every provision of the statute is specially adapted to proceedings at law, while there is a very noticeable absence, not only of provisions which we should expect to find, but of some which would seem to be almost indispensable, had the intention been to include equity proceedings. For example : by the first section a review can be had only after a judgment has been rendered. Now, if, by the term judgment, the legislature meant to include a decree in chancery, some provision for suspending the operation of such decree would, in most cases, be absolutely necessary, in order that the defeated party should derive any benefit whatever from the review. It is enough merely to suggest decrees for the specific performance of contracts, decrees directing trustees with respect to the payment of money in the performance of their trusts, decrees for the conveyance of land and reforming written instruments, and all such decrees as have reference to granting or refusing injunctions.

The last section of the act provides that the court may order a stay of execution upon such terms as they think fit, but there is no provision for suspending the operation of decrees in equity. Bearing in mind that the right of review rests wholly upon this statute, that the legislature have undertaken not only to point out the mode of proceeding, but to give directions as to the execution of the judgment rendered upon the first trial, the absence of any reference to decrees in equity, a subject far more complex and difficult than that of judgments at law, is extremely significant, and, to my mind, is alone sufficient to show an intention on the part of the legislature not to include equity proceedings within the remedies of the act.

Again : the terms made use of all the way through the act are, as the plaintiff well says, such as are usually and properly applied to a suit at law and not to a suit in equity. Take the first section : " Civil actions in the supreme court, in which an issue has been joined and judgment rendered   *   *   may be once reviewed." The term " civil actions " is doubtless broad enough, in one view, to include bills in equity ; still, it can hardly be said that bills in equity are commonly spoken of as actions. So, with respect to the phrase " in which an issue has been joined," it is true an issue may be made up and joined in chancery ; but, at the same time, the pleadings may be so drawn, even where there is a controversy as to matters of fact, that no issue, in the legal and proper sense of that word, can be said to have been *joined*. When an issue is spoken of as having been joined—not framed or awarded—in an *action*, I think the natural and commonly received import of the language would be that an issue in a suit at law is meant, and not a matter of fact alleged in a bill in equity, which is denied by the answer. The same remarks also apply with more or less force to the phrase " in which judgment has been rendered." Looking at this section alone, the word judgment seems rather to import a judgment at law than the final decision of a court of equity, which is commonly spoken of by the more specific name of a decree. But when we look further at sections 11, 12, 13, and 14, which relate to the matter of cost and

stay of execution, it appears to me there can be little room for doubt that, by the term actions, as used in the first section, the legislature intended nothing more, at the outside, than actions at law, and by judgments, only such judgments as are for specific property, or the payment of a definite sum of money,—that is, judgments at law.

My opinion, therefore, is, that the statute does not give a review as matter of right in equity proceedings, and that the motion of the defendant must be denied.

SMITH, J.   According to the course of equity proceedings, a party aggrieved has his remedy by bill in review after a decree has been signed and enrolled upon error apparent, or on new facts, or facts discovered since publication passed in the original course.   If the decree has *not* been signed and enrolled, and it is upon error apparent, he is at liberty to present a petition for a rehearing.   If the decree has not been signed and enrolled, and it is sought to be reversed on new facts, or facts discovered since publication passed, the remedy is by supplemental bill, in the nature of a bill in review.   3 Daniell's Ch. Pl. & Pr. 1724.

With such an opportunity for the correction of errors, mistakes, or oversights, it would require very clear language to prove that the legislature intended to include suits in equity in the term " civil actions," as used in Gen. Stats., ch. 215, sec. 1, so as to give the right of review by statute in addition to this remedy for a rehearing.

But if any other reason be needed, it is found in the fact that a suit in equity is not a civil suit in the sense in which such a suit has always been understood by the profession ; nor, although the bill and answer often present numerous issues of fact, do they usually present " a single, certain, and material point issuing out of the pleadings "—1 Chitty's Pl. 653—called an issue within the meaning of the common law ; nor is the decree entered upon the facts as found, either by the court or jury, a judgment in the sense in which that word is usually understood; nor have courts of equity jurisdiction when the merits can be tried upon an issue on which judgment can be rendered as at common law, but only where the forms and proceedings of the common law do not afford adequate relief.

I think the statute giving the right of review is confined to actions at common law, or to actions which conform substantially to those at common law, and that suits in equity do not come within its provisions.

FOSTER, C. J., C. C.   My opinion accords with that of my brethren.
*Motion denied.*